UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVIS MICHAEL ORTIZ,

    Petitioner,

v.

DAVID BAUGHMAN,

    Respondent.

District Court No. 2:18-cv-00255 JAM AC P

Ninth Circuit Court of Appeals No. 18-16193

ORDER

        The Ninth Circuit Court of Appeals has remanded this matter to this court for the limited purpose of determining whether a certificate of appealability (COA) should issue.

        On April 27, 2018, this court dismissed without prejudice petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See ECF Nos. 7, 15-6. This court found the application successive and that petitioner had not obtained authorization from the Court of Appeals for this court to consider the merits of the application. See 28 U.S.C. § 2244(b)(3). Prior authorization from the appellate court is a jurisdictional prerequisite for this court's review of the merits of a successive petition. See Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits).

        In dismissing this action, this court did not then address whether a COA should issue. No appeal may be taken from a final district court order in a Section 2254 proceeding if a COA has

not issued. See 28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b)(1). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

In the instant case, this court did not reach the merits of petitioner's claims because the application was denied for lack of jurisdiction. Reasonable jurists would not debate whether a successive application for habeas relief may be reviewed on the merits by this district court without prior authorization from the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b); Felker v. Turpin, 518 U.S. 651, 656-57 (1996). Therefore, this court declines to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. This court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253(c); and

2. The Clerk of Court shall confirm that the record in this case has been transmitted to the Court of Appeals, see ECF No. 25, and ECF No. 31 at 2.

DATED: July 9, 2018

/s/ John A. Mendez
UNITED STATES DISTRICT COURT JUDGE